IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MAURICE HOLT,                                            OPINION and ORDER

      Plaintiff,                                                  16-cv-388-bbc

     v.

JOHN DOE #1, JOHN DOE #2, JOHN DOE #3,
JOHN DOE #4, JOHN DOE #5, JANE DOE #1 and
JANE DOE #2,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Maurice Holt, a prisoner at Green Bay Correctional Institution, has filed a pro se complaint under 42 U.S.C. § 1983 against seven unnamed Lincoln County Jail correctional officers. Plaintiff alleges that defendants John Does ##1-5 and Jane Does ##1-2 failed to protect him from a fellow inmate who beat plaintiff. Plaintiff originally filed this suit in the United States District Court for the Eastern District of Wisconsin, but Judge J.P. Stadtmueller transferred the case on the court's own motion to this district because "all events giving rise to the plaintiff's claims occurred in the Western District of Wisconsin" and it "appear[ed]" that all of the yet-to-be-identified defendants are located in this district.

Since the case has been transferred, plaintiff has made an initial partial payment of the filing fee, as required by 28 U.S.C. § 1915(b)(1), and his complaint is ready for screening pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's allegations, I am dismissing his complaint without prejudice for failing to set forth sufficient detail regarding defendants' role

1

in the events giving rise to plaintiff's injuries and why this group of unnamed defendants should be held responsible.

Plaintiff's complaint contains the following allegations, which for screening purposes, I must accept as true and read in the light most favorable to him. Perez v. Fenoglio, 792 F.3d 768,. 774 (7th Cir. 2015).

ALLEGATIONS OF FACT

On or about April 14, 2016, plaintiff was transferred from the Green Bay Correctional Institution to the Lincoln County jail so that he could make a court appearance. After completing the intake procedure at the jail, plaintiff was placed in K-Block, where he was approached by prisoner Adam Radek, even though Radek is subject to a "no contact" order prohibiting him from coming into contact with plaintiff. Radek told plaintiff that he wanted to fight him, but before anything happened, defendant John Doe #1 pulled Radek off of K-Block and moved him to another part of the jail away from plaintiff.

Later that day, plaintiff was walking to his cell when one of Radek's friends, inmate Matthew White, confronted plaintiff and told him he was going to "beat [plaintiff's] ass since Radek no longer could." White followed plaintiff to plaintiff's cell and punched him in the face a number of times. Defendants John Doe #2 and Jane Doe #1 then arrived, separated plaintiff and White and escorted plaintiff to a different holding cell.

Plaintiff was examined by a prison nurse (whom plaintiff does not identify as a Doe defendant) and asked to be taken to the hospital. However, the nurse told plaintiff that he

did not need to go to the hospital. Later that day, a police officer agreed to take plaintiff to the emergency room where doctors discovered that plaintiff had broken two bones near his left eye.

OPINION

I am dismissing plaintiff's complaint on the ground that he fails to satisfy Fed. R. Civ. P. 8's requirement that he provide defendants fair notice of his claims against them. First, in the caption of his complaint plaintiff names seven separate John or Jane Doe defendants, but in the body of his complaint, he mentions only three of these unnamed individuals. If plaintiff wants to proceed against a Doe defendant, he must set forth allegations in his complaint describing what those individuals did and how their actions contributed to plaintiff's injuries. Collins v. Kibort, 143 F.3d 331, 332 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

With respect to the Doe defendants discussed in the body of the complaint, plaintiff does not set forth sufficient allegations to support a claim that these individuals violated his constitutional rights. For example, plaintiff's only allegation against John Doe #1 is that he separated plaintiff and Radek after Radek threatened plaintiff. Similarly, plaintiff's only allegation against John Doe #2 and Jane Doe #1 is that they broke up the fight between plaintiff and White. It is not clear how these Doe defendants could have violated plaintiff's rights by simply preventing Radek from harming plaintiff and breaking up a fight between plaintiff and White.

Although I am dismissing plaintiff's complaint, I will provide him an opportunity to submit an amended complaint that provides fair notice of his claims against each defendant. Before filing an amended complaint, however, plaintiff should consider whether he can meet the standard under the Constitution to state a claim against any particular defendant. In and of itself, the fact that he was beat up is not a sufficient ground on which to state a claim against the prison or its personnel. A prison official's failure to prevent an assault violates the Constitution only when the official "knows of and disregards an excessive risk" that the prisoner might be harmed. Gevas v. McLaughlin, 798 F.3d 475, 482 (7th Cir. 2015). Thus, to state a claim against a particular defendant, plaintiff must allege facts showing that the defendant *knew* White posed a risk to plaintiff prior to the two inmates' fight, but failed to take steps to prevent such a fight from taking place. In the typical case, a prisoner "proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." Id. (citing Pope v. Shafer, 86 F.3d 90, 92 (7th Cir. 1996)). If plaintiff did not complain to prison officials about the threat posed by White, plaintiff must allege facts showing that each defendant knew through some other means that White posed a threat.

ORDER

IT IS ORDERED that

1. Plaintiff Maurice Holt's complaint is DISMISSED for failing to provide fair notice of his claims in accordance with Federal Rule of Civil Procedure 8.

2. Plaintiff may have until September 7, 2016 to file an amended complaint that complies with the Federal Rules of Civil Procedure.

3. If plaintiff does not respond by September 7, 2016, I will dismiss the complaint for failure to state a claim upon which relief may be granted and will assess a "strike" in accordance with 28 U.S.C. § 1915(g).

Entered this 16th day of August, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge