IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MAURICE HOLT,                                                         OPINION and ORDER

       Plaintiff,                                                          16-cv-388-bbc

   v.

JOHN DOE #1, JOHN DOE #2, JOHN DOE #3,
JOHN DOE #4, JOHN DOE #5, JANE DOE #1
and JANE DOE #2,

       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Pro se plaintiff Maurice Holt, a prisoner at the Green Bay Correctional Institution, brought this lawsuit under 42 U.S.C. § 1983 against seven unnamed Lincoln County Jail correctional officers. In his original complaint, plaintiff alleged that five John Doe and two Jane Doe defendants failed to protect him from a violent attack by a fellow inmate. I screened the complaint pursuant to 28 U.S.C. § 1915A and dismissed it without prejudice for plaintiff's failure to provide fair notice of his claims in accordance with Fed. R. Civ. P. 8. Dkt. #11. I also gave plaintiff the opportunity to file an amended complaint that complies with the Federal Rules of Civil Procedure. Plaintiff has filed a proposed amended complaint, dkt. ##12 and 14, which I will now evaluate under 28 U.S.C. § 1915A.

       The amended complaint provides few new details, but plaintiff now generally alleges that four unnamed county jail officials violated his rights. First, he alleges that three defendants exposed him to danger from other inmates in the general jail population.

1

Second, he alleges that one defendant failed to provide adequate medical attention for the injury he sustained after an attack by a fellow inmate.

After reviewing and screening the amended complaint, I find that it fails to state a claim upon which relief may be granted. Plaintiff has not put forth sufficient allegations to show that any of the Doe defendants violated his constitutional rights. I am therefore dismissing plaintiff's claims and assessing him a "strike" in accordance with 28 U.S.C. § 1915(g).

Plaintiff's amended complaint contains the following allegations, which at this stage, I must accept as true and read in the light most favorable to him. Perez v. Fenoglio, 792 F.3d 768,. 774 (7th Cir. 2015).

ALLEGATIONS OF FACT

On April 14, 2016, plaintiff Maurice Holt was transferred from Green Bay Correctional Institution to the Lincoln County jail. During the intake process he was questioned by defendants John Doe #1 and Jane Doe #1, to whom "it was known" that he was a state prisoner. Plaintiff was placed into a general population unit of the jail. Once there, plaintiff was approached by another inmate named Adam Radak, who wanted to fight him. Radak "was removed," but soon after, plaintiff was attacked by another inmate, Matthew White. Defendants John Doe #2 and Jane Doe #1 broke up the altercation and placed plaintiff in a holding cell. A nurse, Jane Doe #2, came to look at plaintiff's eye, which was now "cross eyed." Plaintiff said he needed to go to a hospital, but defendant Jane Doe

#2 said he looked fine, she could not feel anything broken and his "eye could have been crossed before." An hour later, an unnamed officer came to take a statement. Plaintiff asked to be taken to the hospital, and the officer did so. At the hospital, plaintiff discovered that he had broken bones in his face around his left eye.

OPINION

In the court's prior screening order, I gave plaintiff the opportunity to file an amended complaint that provided fair notice of his claims in accordance with Fed. R. Civ. P. 8, and otherwise complied with the federal rules. Dkt. #11, at 4-5. The amended complaint, consisting of a single handwritten page, sets out the factual allegations described above. It then summarizes plaintiff's claims as follows: "My rights were violated by being housed with county inmates and me being a state prisoner we should not have been housed together and I would not have been injured, as well as inadequate medical attention. I was place[d] in harm's way by Lincoln County Jail." Am. Cpt., dkt. #14. Thus, I understand plaintiff to be raising two claims under the Eighth Amendment: claims against defendants John Doe #1, John Doe #2 and Jane Doe #1 for failure to protect him from an assault by a fellow inmate, and a claim against defendant Jane Doe #2 for failure to provide him adequate medical care. Both claims are governed by the same general standard: whether a defendant acted (or failed to act) with "deliberate indifference," meaning that he or she "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

As I informed plaintiff in the court's prior order, "[i]n and of itself, the fact that he was beat up us not a sufficient ground on which to state a claim against the prison or its personnel." I further explained that if plaintiff wished to bring claims against particular jail officials, "he must set forth allegations in his complaint describing what those individuals did and how their actions contributed to plaintiff's injuries. . . . A prison official's failure to prevent an assault violates the Constitution only when the official 'knows of and disregards an excessive risk' that the prisoner might be harmed." Dkt. #11, at 3-4 (citing Gevas v. McLaughlin, 798 F.3d 475, 482 (7th Cir. 2015); Collins v. Kibort, 143 F.3d 331, 332 (7th Cir. 1998)). In many cases, prisoners may demonstrate such knowledge by alleging that they complained to an official in advance to warn that they were at risk. But even in such a case, "a generalized, vague, or stale concern about one's safety typically will not support an inference that a prison official had actual knowledge that the prisoner was in danger," whereas "a complaint that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk." Gevas, 792 F.3d at 480-81.

With respect to the alleged assault and failure-to-protect claims, the amended complaint provides *fewer* relevant details than the original complaint did. Plaintiff does not allege that any of the defendants knew of a specific risk that White, Radak or any other inmate at the jail would attack him. Of one officer (John Doe #2), nothing at all is known except that he broke up the fight and placed plaintiff in a separate holding cell away from

his assailant. Of the two others (John Doe #1 and Jane Doe #1) who questioned him during the jail intake process, plaintiff alleges only that "it was known" that he was a state prisoner. However, plaintiff does not explain why his status as a state prisoner would show that any of the defendants knew of and disregarded an excessive risk that plaintiff would be harmed if placed in a general population with county inmates. Cf. Gevas, 792 F.3d at 482; Dale v. Poston, 548 F.3d 563, 569 (7th Cir. 2008); Brown v. Budz, 398 F.3d 904, 915-16 (7th Cir. 2005); Butera v. Cottey, 285 F.3d 601, 606 (7th Cir. 2002). Plaintiff also does not allege that there was anything defendants could have done to stop the fight sooner than they did. In the absence of any such facts or allegations, plaintiff's purported failure-to-protect claims cannot be sustained, and I will not allow them to proceed.

Plaintiff's claim for "inadequate medical attention" against the nurse, defendant Jane Doe #2, also falls short, though it is a closer call. A nurse or other correctional official may be liable for violating an inmate's Eighth Amendment rights by acting with "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). This standard has two elements: plaintiff must show that the defendant (1) caused a medical deprivation that is "objectively, 'sufficiently serious,'" and (2) acted with a "sufficiently culpable state of mind" constituting "subjective recklessness." Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996) (quoting Farmer, 511 U.S. at 834)).

Plaintiff alleges that as a result of the assault by White he suffered broken bones around his left eye, which no doubt constitutes a "serious" medical injury. This presumably would have been painful, although plaintiff does not say anything about how much pain he

5

suffered or what he told the nurse who came to see him, besides "I need to go to the hospital." Plaintiff alleges that his eye was now "cross eyed," but states no other facts that might have made it "obvious" to defendant Jane Doe #2 that he would face a "substantial risk" of serious harm without *immediate* medical attention. Estate of Cole by Pardue v. Fromm, 94 F.3d 254, 259 (7th Cir. 1996) (quoting Farmer, 511 U.S. at 842). Because plaintiff says that only an hour later an officer took him to the hospital where he was properly diagnosed, that one-hour delay in treatment becomes the key issue.

A "significant" delay in receiving medical treatment may support a claim of deliberate indifference, "especially where the result is prolonged and unnecessary pain." Berry v. Peterman, 604 F.3d 435, 441 (7th Cir. 2010) (citing Grieveson v. Anderson, 538 F.3d 763, 779 (7th Cir.2008) (guards could be liable for delaying treatment of inmate's painful broken nose for nearly two days); Gutierrez v. Peters, 111 F.3d 1364, 1371-72 & n. 6 (7th Cir.1997) (collecting cases)). "To show that a delay in providing treatment is actionable under the Eighth Amendment, a plaintiff must also provide independent evidence that the delay exacerbated the injury or unnecessarily prolonged pain." Petties v. Carter, 836 F.3d 722, 730–31 (7th Cir. 2016) (citing Williams v. Liefer, 491 F.3d 710, 716 (7th Cir. 2007); Gil v. Reed, 381 F.3d 649, 662 (7th Cir. 2004) (hours of needless suffering can constitute sufficient harm to sustain claim)).

However, the Court of Appeals for the Seventh Circuit has been unwilling to recognize a delay of only an hour or two in receiving needed medical care as the basis for a deliberate indifference claim—particularly without facts showing that the delay caused

6

significant additional harm or pain and suffering. Langston v. Peters, 100 F.3d 1235, 1240-41 (7th Cir. 1996) ("We have held in the past that a two-hour delay is not an unreasonably long wait for an x-ray, an examination, and possibly a set of a fracture.") (citing Murphy v. Walker, 51 F.3d 714, 717 (7th Cir.1995)). In Langston, a guard's failure to respond to a prisoner's complaint that he had been raped resulted in a one-hour delay before the prisoner received medical attention. The court of appeals concluded that although "clearly a severe injury" was alleged, a one-hour delay in providing medical care did not rise to the level of a constitutional violation, noting that "the public often waits longer at hospital emergency rooms." Id. at 1240-41.

Like the serious injury at issue in Langston, plaintiff Holt had already been injured by the time defendant Jane Doe #2 came to examine him, and the subsequent delay in receiving medical attention was no more than an hour. Even though plaintiff's amended complaint does present a serious injury, he has "failed to present any [allegations] of a detrimental effect caused by the one hour between the time" when he asked the nurse (defendant Jane Doe #2) to take him to the hospital, and when the unnamed officer actually did so. Id. at 1241. Moreover, as already noted, plaintiff has not alleged facts showing that it would have been so obvious to the attending nurse that plaintiff was in immediate need of medical attention that her failure to take him to the hospital *at that time* would subject him to a substantial risk of serious harm. Given this, and given plaintiff's failure to point to any additional harm caused by the one-hour delay, his allegations do not show that defendant Jane Doe #2 recklessly caused him a deprivation of his rights in violation of the

Eighth Amendment.

This conclusion does *not* suggest (nor depend on any notion) that an official can ignore a serious injury and yet *always* evade liability, as long as the inmate ultimately obtains medical attention within an hour or two. I simply conclude, on the basis of the facts alleged in this amended complaint, that plaintiff has failed to show that defendant Jane Doe #2 either (1) recklessly ignored an obvious risk of harm by declining to take plaintiff to the hospital or (2) actually caused him any additional harm by the one-hour delay that resulted. If this were plaintiff's first attempt to state a claim, I would give him an opportunity to replead and to try again to file an amended complaint that provides fair notice of any claim and otherwise complies with the Federal Rules of Civil Procedure. But plaintiff has already been given that opportunity, and after dismissing his initial complaint without prejudice I explained his obligation to "set forth allegations in his complaint describing what [particular defendants] did and *how their actions contributed to plaintiff's injuries*." Dkt. #11, at 3 (emphasis added). Thus, I assume that plaintiff's amended complaint now represents his best effort to state a claim based on the facts at his disposal. Even if its deficiencies are in part a matter of mere insufficient factual detail to support the allegations pleaded, the claims cannot proceed in any event.

The amended complaint will therefore be dismissed in its entirely because it fails to state a claim under either theory of deliberate indifference, either for failure to protect from violent assault or for inadequate medical care.

ORDER

IT IS ORDERED that

1. Plaintiff Maurice Holt's amended complaint, dkt. #14, is DISMISSED for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

2. Accordingly, I will assess plaintiff a "strike" under 28 U.S.C. § 1915(g).

3. The clerk of court is directed to enter judgment in favor of defendants and to close this case.

Entered this 6th day of January, 2017.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge